removed from WIN pursuant to the applicable federal law.[7] In our view, therefore, DPW lacked authority to circumvent the clear intention of Congress with regard to the family of a WIN participant, and the application of regulation 3182 to appellant was in substantial conflict with federal law. We need not here determine whether such substantial conflict would have existed if the challenged regulation had been applied to AFDC recipients not participating in WIN.

The order of the Commonwealth Court is reversed.

JONES, former C. J., did not participate in the decision of this case.

378 A.2d 854

**COMMONWEALTH of Pennsylvania**

**v.**

**Roberto Santiago LABOY, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 12, 1977.

Decided Oct. 7, 1977.

7. Section 402(a)(19)(F) provides that if the Secretary of Labor makes a finding that the individual has refused without good cause to participate in WIN or has refused without good cause to accept employment in which he is able to engage, his needs shall no longer be taken into account with regard to AFDC assistance. It further provides, however, that protective payments taking into account the needs of this individual shall be made for an additional period of sixty days, if during this period he accepts counseling aimed at persuading him to participate in WIN. There is nothing in the record to indicate that the Secretary of Labor here made such a finding or that Mr. Fritsch was offered or had refused counseling.

Edward F. Browne, Jr., Asst. Public Defender, for appellant.

D. Richard Eckman, Dist. Atty., Joseph C. Madenspacher, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

OPINION

PER CURIAM.

Order affirmed.

378 A.2d 855

**COMMONWEALTH of Pennsylvania**

v.

**Curtis BOSWELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 11, 1976.

Decided Oct. 7, 1977.

Howard B. Zavodnick, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.